UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YANIRA VELARDO and
NAKIA VELARDO,

:CIVIL ACTION NO. 3:18-CV-1885

Plaintiffs,

:(JUDGE MARIANI)
:(Magistrate Judge Carlson)

v.

EDWARD LEWKO,
MAIVAN HOUSSEIN and
PETER CORDARO,

Defendants.

## ORDER

*Background of This Order*

Pending before the Court is Magistrate Judge Martin C. Carlson's Report and Recommendation (R&R) (Doc. 28) addressing Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 10). In the August 22, 2019, R&R, Magistrate Judge Carlson recommends that Defendants' motion be denied. (Doc. 28 at 30.) Defendants timely filed objections to the R&R (Doc. 31) and a brief in support of the objections (Doc. 32). They object to the R&R on three bases: 1) the Magistrate Judge improperly concluded that Plaintiffs' Complaint does not assert Fourteenth Amendment claims separate and apart from Plaintiffs' Fourth Amendment claims; 2) the Magistrate Judge improperly recommended denying Defendants' Motion to Dismiss Plaintiffs' Fourth Amendment claims asserted in Counts I

through IV of the Complaint; and 3) the Magistrate Judge improperly recommended denying qualified immunity at this stage of the proceedings. (Doc. 31 at 4-7; Doc. 32 at 5-15.)

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

When considering a motion to dismiss, the motion may be granted only if, "accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that 'the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" *Mariotti v. Mariotti Bldg. Prod., Inc.*, 714 F.3d 761, 764–65 (3d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

Having conducted the required *de novo* review, the Court concludes that Defendants' objections are without merit. First, their argument that Plaintiffs improperly assert claims under the Fourteenth Amendment separate and apart from their Fourth Amendment claims because their Complaint states in Counts II and III that "[D]efendants'

2

conduct . . . was deprivation under color of state law, of rights guaranteed to [Plaintiff] Yanira Velardo under the Fourth and Fourteenth Amendments to the United States Constitution" (Doc. 32 at 5) is without merit. Although the Magistrate Judge agreed with the general proposition that Plaintiffs "may not bring some general freestanding Fourteenth Amendment claims against these defendants because the actions of the police officers are subsumed by a more specific provision of the Bill of Rights, the Fourth Amendment" (Doc. 28 at 11 (citing *Albright v. Oliver*, 510 U.S. 266 (1994)), he properly construed the Complaint to allege Fourth Amendment violations applied to local police officers through the Fourteenth Amendment. (Doc. 28 at 11.) In that the Fourth Amendment is made applicable to state actors through the Fourteenth Amendment, *Mapp v. Ohio*, 367 U.S. 634 (1961), and the Court must view the Complaint in the light most favorable to Plaintiffs in reviewing Defendants' Motion, *Mariotti*, 714 F.3d at 765, Defendants' objection is overruled.

Second, Defendants' arguments that Plaintiffs' claims in Counts I through IV must be dismissed are without merit. Their assertion that Magistrate Judge Carlson should have considered an affidavit attached to their reply brief (Doc. 32) is incorrect. Although they correctly assert that "[t]his Circuit has held that, 'in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record'" (Doc. 32 at 7 (quoting *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007)), the hearing transcript attached to Defendants' reply brief is a matter of public record only insofar as it is a court record containing sworn testimony. It does not establish that assertions made therein which

3

differ from allegations in the Complaint are correct as a matter of law. Rather, it shows at most that one officer's version of events are in contrast to Plaintiffs' version of events. Thus, Defendants raise issues of credibility which, even at the summary judgment stage, are not for the Court to determine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

With their arguments regarding excessive force, Defendants essentially assert that the Court should believe their version of events and construe allegations made in the Complaint in the light most favorable to Defendants. (Doc. 32 at 10-11.) As Magistrate Judge Carlson properly concluded, this the Court cannot do. (Doc. 28 at 14-15.) Defendants' conclusory statement that "Plaintiff Yanira Velardo simply cannot prove that Defendants failed to intervene, as she has not shown that excessive force was used, that she was unjustifiably arrested, and that a constitutional violation was committed by a fellow officer" (Doc. 32 at 12) relies on the validity of their excessive force argument. Because the Court has concluded that they are not entitled to dismissal of Plaintiffs' excessive force claims, their argument regarding failure to intervene claims is also without merit.

Defendants' argument that Magistrate Judge Carlson improperly considered only one prong of the malicious prosecution claim (Doc. 32 at 13) does not show error in that their argument hinges in part on the success of their showing probable cause which cannot be determined on the record before the Court. Further, given federal notice pleading requirements and the plausibility standard which governs a motion to dismiss, *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009), the Court concludes Plaintiffs' malicious prosecution claim is not subject to dismissal for the reasons cited by the Magistrate Judge.

Finally, the Court concludes that Magistrate Judge Carlson properly concluded that Defendants' are not entitled to qualified immunity at this stage of the proceedings. (*See* Doc. 28 at 24-26.)

**ACCORDINGLY, THIS** \_\_\_13th\_\_\_ **DAY OF SEPTEMBER 2019, IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 28) is ADOPTED for the reasons set out therein;

2. Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 10) is DENIED.

_____
Robert D. Mariani
United States District Judge